# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**VERONICA RIVERA PEREZ,**

    **Plaintiff,**

**v.**                                                                                     **Case No: 6:20-cv-79-Orl-LRH**

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## MEMORANDUM OF DECISION

Veronica Rivera Perez ("Claimant") appeals the final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability benefits. (Doc. 1). The Claimant raises a single argument challenging the Commissioner's final decision, and, based on that argument, requests that the matter be reversed and remanded for further proceedings. (Doc. 19 at 19-23, 29). The Commissioner argues that the Administrative Law Judge ("ALJ") committed no legal error and that her decision is supported by substantial evidence and should be affirmed. (*Id.* at 23-29). Upon review of the record, the Court finds that the Commissioner's final decision is due to be **AFFIRMED**.

### I. Procedural History

This case stems from the Claimant's August 3, 2015 application for disability insurance benefits, in which she alleged a disability onset date of November 7, 2014. (R. 233-39). The application was denied on initial review and on reconsideration. The matter then proceeded before an ALJ, who held a hearing on April 2, 2018. (R. 44-69). The Claimant and her representative attended the hearing. (*Id.*). On January 24, 2019, the ALJ entered a decision denying the

Claimant's application for disability benefits. (R. 21-37). The Claimant requested review of the ALJ's decision, but the Appeals Council denied her request. (R. 1-3). This appeal followed.

## II.     The ALJ's Decision

The ALJ performed the five-step evaluation process set forth in 20 C.F.R. § 404.1520(a)(4) in reaching her decision.[1] First, the ALJ found the Claimant met the insured status requirements of the Social Security Act through December 31, 2019, and that she has not engaged in substantial gainful activity since the alleged onset date. (R. 23). The ALJ next found that the Claimant suffers from the following severe impairments: bilateral carpal tunnel syndrome; Raynaud's syndrome; obesity; cardiomegaly; osteoarthritis; and, degenerative disc disease. (R. 24). The ALJ also found the Claimant suffers from the following non-severe impairments: diabetes mellitus; hypertension; history of deep vein thrombosis; anxiety disorder with panic attacks; and, major depressive disorder, mild. (R. 26). The ALJ, however, found that none of the Claimant's impairments, individually or in combination, met or medically equaled any listed impairment. (R. 29-30).

The ALJ next found that the Claimant has the residual functional capacity ("RFC") to perform light work as defined by 20 C.F.R. § 404.1567(b)[2] with the following additional

---

[1] An individual claiming Social Security disability benefits must prove that he or she is disabled. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). The five steps in a disability determination include: (1) whether the claimant is performing substantial, gainful activity; (2) whether the claimant's impairments are severe; (3) whether the severe impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the claimant can return to his or her past relevant work; and (5) based on the claimant's age, education, and work experience, whether he or she could perform other work that exists in the national economy. *See generally Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004) (citing 20 C.F.R. § 404.1520).

[2] Light work is defined as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." 20 C.F.R. § 404.1567(b).

limitations:

> [S]he can frequently balance, stoop, kneel and climb ramps and stairs. The claimant can occasionally crouch, crawl and climb ladders, ropes and scaffolds. She can occasionally handle, finger and feel bilaterally.

(R. 30). In light of this RFC, the ALJ found that the Claimant is unable to perform her past relevant work. (R. 35). The ALJ, however, found that the Claimant could perform other work in the national economy, including work as a counter clerk and furniture rental consultant. (R. 35-36). Accordingly, the ALJ concluded that the Claimant was not disabled between her alleged onset date (November 7, 2014) through the date of the decision (January 24, 2019). (R. 36-37).

### III. Standard of Review

The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's findings of fact are supported by substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm it if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

**IV.    Analysis**

The Claimant raises a single argument on appeal – the ALJ failed to satisfy her duty to fully and fairly develop the record with respect to her mental impairments. (Doc. 19 at 19-23). The Commissioner contends that the ALJ had sufficient evidence to make an informed decision and the Claimant has not shown any evidentiary gaps in the record that prejudiced her claim for disability benefits. (*Id*. at 23-29).

The ALJ has a basic duty to develop a full and fair record. *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997).[3] This obligation requires the ALJ to develop the claimant's complete medical history for at least the 12 months preceding the month in which the application was filed, assist the Claimant in obtaining evidence from his or her treating sources, and order a consultative examination when such an examination is necessary to make an informed decision. 20 C.F.R. § 404.1512(b)(1)-(2). "Ordering a consultative examination is a discretionary matter for the ALJ and would be sought 'to try to resolve an inconsistency in the evidence or when the evidence as a whole is insufficient to support a determination or decision' on the claim." *Banks for Hunter v. Comm'r, Soc. Sec. Admin.*, 686 F. App'x 706, 713 (11th Cir. 2017); 20 C.F.R. § 404.1519a(b).[4]

There must be a showing that the ALJ's failure to develop the record led to evidentiary gaps in the record, which resulted in unfairness or clear prejudice, before the court will remand a case for further development. *Graham*, 129 F.3d at 1423 (citing *Brown*, 44 F.3d at 934-35). At a

---

[3] The basic duty to develop the record rises to a "special duty" where the claimant has not waived his or her right to representation and is not represented during the administrative proceedings. *Brown v. Shalala*, 44 F.3d 931, 934-35 (11th Cir. 1995). In this case, the Claimant was represented during the administrative proceedings. (R. 21, 44, 46). The ALJ therefore only had a basic duty to develop the record.

[4] In the Eleventh Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

minimum, clear prejudice "requires a showing that the ALJ did not have all of the relevant evidence before him in the record . . . or that the ALJ did not consider all of the evidence in the record in reaching his decision." *Kelly v. Heckler*, 761 F.2d 1538, 1540 (11th Cir. 1985); *see also* 20 C.F.R. § 404.1519a(b) (listing situations that may require a consultative examination).

The Claimant has a lengthy history of mental impairments, including depression and anxiety disorder with panic attacks. (*E.g.* R. 399, 577, 605, 745). Prior to the alleged onset date, the Claimant treated with several psychiatrists, who, among other things, prescribed the Claimant several medications, including paroxetine and clonazepam, to control her mental impairments. (R. 803-04, 814-50). The Claimant continued this course of treatment into the relevant period. (*E.g.* R. 574, 580-81, 745).

After the Claimant applied for disability benefits, she was referred for two mental health evaluations. (R. 802-13). The first evaluation occurred on September 17, 2015, at which the Claimant was found to have: adequate visual contact; cooperative attitude; adequate speech; logical, relevant, and coherent train of thought; dysthymic mood; congruent affect; normal thought process and content; no perceptual disorder; and, adequate attention. (R. 808-13). The second evaluation occurred on March 1, 2016, at which the Claimant, who had just experienced the death of a grandparent, was found to look tense, anxious, and tearful. (R. 802-07). The Claimant was also found to have: good eye contact; restricted affect; depressed mood; logical, coherent, and relevant thinking process; no suicidal or homicidal ideations; no perceptual disturbances; and relatively good memory, attention, and concentration.[5] (R. 805).

---

[5] It appears the Claimant had some short-term memory deficits, while her immediate, recent, and long-term memory appeared to be intact. (R. 805).

The medical records post-dating the second mental health evaluation contain scant evidence, none of which are from a mental health professional, about the Claimant's mental impairments. This appears to be so because the Claimant often did not complain of any mental health issues, other than to report that she has a history of anxiety, depression, and panic attacks for which she has been and continues to be treated with medication. (*See* R. 602-05, 702, 708-23, 744-46). Even though the Claimant did not complain about her mental impairments, her primary care physician gave her a psychiatry referral in February 2018. (R. 718-23). The Claimant apparently did not follow through with the referral since the record does not contain any psychiatric treatment records post-dating February 2018. (*See* R. 708-18, 744-46). Instead, a treatment note from the Claimant's primary care physician dated March 2, 2018, reveals that she continued to take paroxetine and clonazepam and her panic disorder was stable. (R. 745). Subsequent treatment notes are all but silent about the Claimant's mental impairments. (R. 708-18).

The ALJ considered the foregoing evidence, which lead her to conclude that the Claimant's mental impairments were not severe. (R. 26-29). The Claimant, however, contends the record before the ALJ was inadequate because it contained large gaps between the last time she treated with a mental health professional (August 25, 2014), underwent a mental health evaluation (March 1, 2016), and the date of the ALJ's decision (January 24, 2019). (Doc. 19 at 20-22). The Claimant argues that she continued to suffer from mental impairments after the second mental health evaluation and, as a result, the ALJ should have "obtained updated mental health treatment records (if there were any such records after August 25, 2014) or . . . ordered an updated mental consultative examination" so she could make an informed decision about the severity of the Claimant's mental impairments and any limitations they may cause. (*Id*. at 22-23). Since the

ALJ did neither, the Claimant argues that she was prejudiced by the ALJ's failure to fully and fairly develop the record. (*Id*. at 23). The Court is not persuaded.

The Claimant has not shown any evidentiary gaps when it comes to her mental impairments. Instead, the record contains ample evidence on the subject, including treatment notes both pre-dating and post-dating the alleged onset date that address the Claimant's mental impairments, and two mental health evaluations post-dating the alleged onset date. Indeed, the fact that the Claimant did not identify a single treatment note missing from the record (*see* Doc. 19 at 23) undermines her position that the ALJ did not fully and fairly develop the record. *See Pennington v. Comm'r of Soc. Sec.*, 652 F. App'x 862, 871-72 (11th Cir. 2016) (holding that the plaintiff could not show prejudice from the ALJ's alleged failure to develop the record where the plaintiff failed to assert the existence of any medical records that were not considered by the ALJ); *Nunez v. Berryhill*, No. 1:16-cv-23692-LFL, 2018 WL 6308681, at *11 (S.D. Fla. Sept. 27, 2018) (finding ALJ did not fail to develop the record, in part, because the claimant did not identify any specific piece of evidence that was purportedly missing from the administrative record).[6]

The same is true with respect to the Claimant's argument regarding the procurement of a third mental health evaluation. The ALJ considered two such evaluations from the relevant period. (R. 26-27 (citing R. 802-13)). While the evaluations occurred early during the relevant

---

[6] The Claimant contends that this case is similar to *Pastures v. Colvin*, No. 3:14-cv-718-J-JRK, 2015 WL 5714761, at *4-6 (M.D. Fla. Sept. 28, 2015), wherein the court found that the ALJ did not satisfy his duty to develop a full and fair record because he was aware of missing medical records relevant to the claimant's case and failed to either obtain those records or order a consultative examination. (Doc. 19 at 20). *Pastures* is distinguishable because there is nothing in the present case showing that the ALJ was aware of evidence that was not in the record. Indeed, the ALJ had no reason to think there was additional evidence since the Claimant's representative confirmed that the record was complete. (R. 48). Moreover, as noted above, the Claimant has not identified any missing treatment notes or other medical records. Accordingly, the Claimant's reliance on *Pastures* is misplaced.

period, the Claimant has not shown any inconsistency in the evidence discussing her mental impairments or that her mental impairments worsened following the evaluations. Instead, the record tends to show that the Claimant's mental impairments were, at the very least, stable. This is evident from the Claimant's lack of mental health complaints (*See* R. 602-05, 702, 708-23, 744-46), the failure to follow through with a psychiatric referral, and a report that her panic disorder was stable (R. 745). Considering this evidence, all of which post-dates the last mental health evaluation, the Court finds there was no evidentiary gap that needed to be filled with a third mental health evaluation. *See Wind v. Barnhart*, 133 F. App'x 684, 693 (11th Cir. 2005) (noting that an ALJ is "not required to seek additional independent expert medical testimony before making a disability determination if the record is sufficient and additional expert testimony is unnecessary").

In light of the foregoing, the Court finds that the Claimant has not shown any evidentiary gaps with respect to her mental impairments. Further, even if a gap existed, the Claimant has not shown how the lack of additional evidence, particularly a third mental health evaluation, prejudiced her claim for disability. Instead, as discussed above, the evidence post-dating the Claimant's two mental health evaluations essentially show that her mental impairments, while still being treated with medication, were stable to the point where she did not complain about them to her treating providers. (*See* R. 602-05, 702, 708-23, 744-46). In light of this evidence, which the ALJ considered, the Claimant has not shown that an updated mental health examination would have affected the ALJ's ultimate determination. Accordingly, the Claimant has not shown that the ALJ failed to develop a full and fair record and, therefore, her sole assignment of error is rejected.

## V. CONCLUSION

Based on the foregoing, it is **ORDERED** that:

1. The final decision of the Commissioner is **AFFIRMED**.

2. The Clerk of Court is **DIRECTED** to enter judgment in favor of the Commissioner and **CLOSE** the case.

**DONE** and **ORDERED** in Orlando, Florida on January 28, 2021.

_Leslie R. Hoffman_
LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Unrepresented Parties

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Emily Kirk
Administrative Law Judge
Office of Hearings Operations
3505 Lake Lynda Dr
Suite 300
Orlando, FL 32817-9801